**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                            :
RICKY LEE JONES,            :
                            :     Civ. No. 17-6784 (RMB)
         Petitioner,        :
                            :
    v.                      :     **OPINION**
                            :
                            :
WARDEN DAVID ORTIZ,         :
                            :
         Respondent.        :
_____ :

**BUMB,** United States District Judge

On September 5, 2017, Petitioner Ricky Lee Jones ("Jones") a prisoner confined in FCI Fort Dix, in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Jones asserts that jurisdiction is proper under 28 U.S.C. § 2241 because there is no other remedy or procedure for his claim that his sentence for supervised release violates his common law right to resist an illegal arrest. (Id. at 6, ¶13.) The Court construes this as an argument that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e).

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, applicable here for the

reasons discussed below, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.[1]

I. BACKGROUND

On September 10, 1996, a jury in the United States District Court, Southern District of Florida found Jones guilty on four counts of drugs and weapons charges. U.S. v. Jones, 96-10006-CR-Highsmith (S.D. Fla. Sept. 10, 1996, Indictment, ECF No. 1; Jury Verdict, ECF No. 44).[2] Judgment was entered on January 8, 1997, and Jones was sentenced to a 228-month term of imprisonment and a 3-year term of supervised release. (Id., Judgment, ECF No. 88.)

---

[1] On the Court's § 2241 petition form, Jones answered the question "provide more information about the decision or action you are challenging" with the present sentence he is serving on his conviction in the Southern District of Florida, and a sentence he has yet to serve on a conviction in the Southern District of Georgia in Criminal Action No. 97cr23AAA. (Pet. at 2, ¶6.) Pursuant to Rule 2(d) of the Rules Governing Section 2255 Motions in the United States District Courts, "a moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." Because the Court finds Jones' claim should have been brought under § 2255, the Rules Governing Section 2255 claims are applicable here. Therefore, the Court will address only Jones' claim that the sentence he is presently serving upon his conviction in Criminal Action No. 96cr10006-JEM violates his common law right to resist an illegal arrest.

[2] Available at www.PACER.gov

2

Jones appealed his conviction (Id., Notice of Appeal, ECF No. 91), and the Eleventh Circuit Court of Appeals affirmed the conviction on January 23, 1998. (Id., Unpublished Order, ECF No. 113.) On April 17, 1998, Jones filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Id., 2255 Mot., ECF No. 114.) The District Court denied relief under § 2255 on September 15, 1999. (Id., Order, ECF No. 117.)

II. DISCUSSION

Before the Court can reach the merits of Jones' petition, it must determine whether it has jurisdiction under 28 U.S.C. § 2241. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, No. 14-4284, 2017 WL 3597705, at *4 (3d Cir. Aug. 22, 2017). Congress, however, provided a saving clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.) The Third Circuit Court of Appeals currently recognizes only one exception to the general rule that a petitioner must challenge his conviction and sentence in the sentencing court under § 2255, when the petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

3

Here, Jones filed a § 2255 motion in 1998, and it was denied in 1999. Jones could have raised his claim of a common law right to resist an illegal arrest on direct appeal, or as an ineffective assistance of counsel claim for failure to raise the issue on his behalf in his § 2255 motion. A remedy under § 2255 is not inadequate or ineffective because the petitioner cannot meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002).

III. CONCLUSION

This Court lacks jurisdiction over the § 2241 petition because § 2255 is not an inadequate or ineffective remedy for Jones' claim. This Order does not preclude Jones from seeking permission with the Eleventh Circuit Court of Appeals to bring this claim in a second or successive § 2255 motion in his sentencing court.

An appropriate order follows.

Dated: <u>December 13, 2017</u>

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
